UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN LUAN VU (A-221-390-043),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-3400 DC CSK<br><br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

Petitioner Van Luan Vu (A-221-390-043), a native and citizen of Vietnam who is proceeding without counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner entered the United States on January 2, 2025 without inspection. On January 4, 2025, petitioner was arrested and detained and has been in continuous detention since this date. This habeas action concerns petitioner's prolonged detention. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering respondents to provide petitioner a bond hearing within seven days.

///

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

## I.    FACTUAL BACKGROUND

Petitioner entered the United States on January 2, 2025, without inspection.  (ECF No. 7-1 at 3.)  Shortly thereafter, petitioner was arrested and detained by Immigration and Customs Enforcement ("ICE") near the border.  (ECF Nos. 1 at 5, 7-1 at 2.)  On January 4, 2025, petitioner was determined to be inadmissible under section 235(b)(1) of the Immigration and Naturalization Act ("INA") (8 U.S.C § 1225(b)(1), placed in expedited removal proceedings and ordered removed by the acting patrol agent in charge.  (ECF No. 7-2.)  On January 29, 2025, petitioner expressed a fear of returning to Vietnam and provided a credible fear interview with an asylum officer.  (ECF No. 7-3.)  On February 26, 2025, petitioner was issued a Notice to Appear in INA Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[2] (ECF No. 7-4 at 1.)  The box identifying an "arriving alien" is not marked.  (Id.)

Respondents do not contend that petitioner has a criminal history.  (ECF No. 7.)

On April 15, 2026, an immigration judge found petitioner is removable under INA sections 212(a)(7)(A)(i)(I) and 212(a)(6)(A)(i), and denied petitioner's requests for asylum and withholding of removal, and ordered petitioner removed to Vietnam.  (ECF No. 7-5 at 1, 3.)  According to the government's official Executive Office for Immigration Review Automated Case Information website, petitioner timely filed an appeal on May 11, 2026, which is currently pending.[3]  See https://acis.eoir.justice.gov/en.  Thus, the removal order is not yet final.

Petitioner has been in continuous detention since January 4, 2025.  (ECF No. 1 at 5.)

## II.    PROCEDURAL BACKGROUND

On May 4, 2026, petitioner filed his petition for writ of habeas corpus, and a motion for appointment of counsel.  (ECF Nos. 1, 3.)  On May 14, 2026, respondents timely filed a motion to

---

[2]  Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

[3]  The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  The Executive Office for Immigration Review ("EOIR") adjudicates immigration cases, and the EOIR Automated Case Information website is an official website of the United States Government.  The address of this official website is https://acis.eoir.justice.gov/en/.

dismiss the petition. (ECF No. 7.) Petitioner did not file an opposition. Briefing is now complete.

### III.    LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondents' motion to dismiss, or after an answer to the petition has been filed.

### IV.    DISCUSSION

Petitioner challenges his prolonged detention based on the violation of his Fifth Amendment due process rights. (ECF No. 1 at 16-17.) In their motion to dismiss, respondents argue that petitioner's detention is mandated by statute, 8 U.S.C. § 1225(b)(1)(B)(ii), and Supreme Court precedent. (ECF No. 7 at 2.) Respondents contend that "nowhere in the statutory framework of 8 U.S.C. § 1225(b) is a bond hearing authorized." (Id.) Respondents also argue

3

that if petitioner does not perfect his appeal by May 15, 2026, his detention will then be governed by 8 U.S.C. § 1231(a)(2). (Id.)  Because petitioner timely filed an appeal, the removal order is not yet final and therefore 8 U.S.C. § 1231(a)(2) does not apply.  Finally, as to petitioner's due process claim, respondents contend that petitioner has been afforded all the process that Congress has authorized.  (Id. at 3 (citing Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953)).)

### A.    Due Process Claim Based on Prolonged Detention

An applicant for admission is normally ordered removed "without further hearing or review" pursuant to an expedited removal process. 8 U.S.C. § 1225(b)(1)(A)(i).  But if a § 1225(b)(1) noncitizen "indicates either an intention to apply for asylum . . . or a fear of persecution," then that noncitizen is referred for an asylum interview.  8 U.S.C. § 1225(b)(1)(A)(ii).  While awaiting this credible fear interview, the noncitizen is to remain detained.  8 U.S.C. § 1225(b)(1)(B)(iii)(IV).  If an immigration officer determines after that interview that the noncitizen has a credible fear of persecution, "the [noncitizen] shall be detained for further consideration of the application for asylum."  8 U.S.C. § 1225(b)(1)(B)(ii).  At that point, the asylum applicant will receive full consideration of the asylum claim in a standard removal hearing.

The only statutory mechanism for release from detention for an asylum applicant apprehended near the border is temporary release on parole "for urgent humanitarian reasons or significant public benefit."  8 U.S.C. § 1182(d)(5)(A); see also 8 C.F.R. §§ 212.5(b), 235.3.  Such parole, however, "shall not be regarded as an admission of the [noncitizen]."  8 U.S.C. § 1182(d)(5)(A).  Instead, when the purpose of the parole has been served, "the [noncitizen] shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States."  Id.

This Court agrees with other district courts that have addressed this issue:

> As the Supreme Court explained in Jennings v. Rodriguez, section 1225 "mandate[s] detention of applicants for admission until certain proceedings have concluded." 583 U.S. 281, 297 (2018). Until

consideration of an individual's application for asylum has concluded, "nothing in the statutory text imposes any limit on the length of detention" and "neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings." Id. However, Petitioner's rights are not limited to those laid out by statute. Nothing in the Supreme Court's decision in Jennings precludes Petitioner from bringing this as-applied constitutional challenge. See Nielsen v. Preap, 586 U.S. 392, 420 (2019) (explaining that the Court's decision that mandatory detention statute did not provide a bond hearing "does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it"). As the Ninth Circuit identified on remand from Jennings, that Supreme Court case solely addressed whether section 1225 itself permits arbitrary prolonged detention and "declined to reach the constitutional question." Rodriguez, 909 F.3d at 255.

Mohammed v. Warden of California City Det. Ctr., 2026 WL 192368, at *2 (E.D. Cal. Jan. 26, 2026) (granting petitioner's motion for temporary restraining order and ordering bond hearing within seven days before an immigration judge of petitioner detained for seventeen months pursuant to § 1225(b)).  The petition presented compels this Court to reach this question.

The Fifth Amendment Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law.  U.S. Const. amend. V. The Supreme Court has concluded that "the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693.  To determine if petitioner's procedural due process rights have been violated, courts examine two steps: the first step determines whether there exists a protected liberty interest under the Due Process Clause; and the second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### 1.    Petitioner Has a Protected Liberty Interest

The Court turns to the first step to determine whether a protected liberty interest exists under the Due Process Clause.  "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693.  "Freedom from imprisonment—from government

5

custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." Id. at 690; see also Hernandez v. Sessions, 872 F.3d 976, 993 (9th Cir. 2017) (quoting Foucha v. Louisiana, 504 U.S. 71, 80 (1992)).  Petitioner was initially detained by ICE on January 4, 2025, and has remained in continuous custody for seventeen months.  As one district court stated:

> Further, due to Petitioner's asylum claim, he is not subject to expedited removal but rather faces indefinitely prolonged detention while his asylum case is processed.  His case will first be heard by an Immigration Judge, then by the Board of Immigration Appeals, followed by the Ninth Circuit provided either party seeks further review.  As Petitioner has been deprived of the liberty secured by the Due Process Clause and this deprivation will continue for a protracted and indefinite period, Petitioner has established his liberty interest.

Mohammed, 2026 WL 192368, at *3 (petitioner with pending asylum claim detained pursuant to § 1225(b)).  Like Mohammed, petitioner has been detained throughout the credible fear interview, the April 15, 2026 hearing before the immigration judge, and his now pending appeal.  This Court concludes that petitioner has a protected liberty interest.  See id.; Tigranyan v. Warden of California City Detention, 2026 WL 91765, at *4 (E.D. Cal. Jan. 13, 2026), adopted by 2026 WL 130843 (E.D. Cal. Jan. 16, 2026) (concluding petitioner detained pursuant to § 1225(b)(1) with pending asylum claim determined to be credible has a protected liberty interest); see also Khaco v. Warden, 2026 WL 295551, at *4 (E.D. Cal. Feb. 4, 2026) (petitioner detained pursuant to § 1225(b)(1) with asylum claim pending has protected liberty interest); Padilla v. U.S. Immigr. & Customs Enf't, 704 F. Supp. 3d 1163, 1171-72 (W.D. Wash. 2023) (finding that the petitioners who were detained under § 1225(b)(1) adequately "alleged a right to substantive due process to bond hearings" because "the Supreme Court has consistently held that non-punitive detention violates the Constitution unless it is strictly limited, and, typically, accompanied by a prompt individualized hearing before a neutral decisionmaker to ensure that the imprisonment serves the government's legitimate goals").

        2.        Due Process Framework

    Having established that petitioner has a protected liberty interest, the Court must now determine what process is due.  District courts in the Ninth Circuit have applied different tests to

make this determination, including the three-factor test articulated in Mathews v. Eldridge, 424 U.S. 319 (1976), and other tests. See Mohammed, 2026 WL 192368, at *3 (describing different tests used by district courts); Abdul-Samed v. Warden of Golden State Annex Detention Facility, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) (for prolonged detention of asylum applicant detained under § 1225(b), applying multi-factor test articulated in Lopez v. Garland, 631 F. Supp. 3d 870, 880 (E.D. Cal. 2022) for mandatory detention under 8 U.S.C. § 1226(c)). This Court applies the three-factor test articulated in Mathews, 439 U.S. 319.[4] See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (assuming without deciding that the Mathews standard applies to a due process challenge to a noncitizen's ongoing detention); Mohammed, 2026 WL 192368, at *3 (applying Matthews). Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

*a.*    *Private Interest*

Turning to the first factor in Mathews, petitioner has a strong liberty interest in avoiding prolonged detention without a neutral detention hearing. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690. Petitioner has been detained for seventeen months. Compared to the six-month presumptive period set forth in Zadvydas, beyond which continued detention becomes prolonged, petitioner's detention qualifies as prolonged. See Zadvydas, 533 U.S. at 701. An individual's private interest in "freedom from prolonged detention" is "unquestionably substantial." Singh v. Holder, 638 F.3d 1196, 1208 (9th Cir. 2011), abrogated on other grounds by Rodriguez Diaz, 53 F.4th at 1196; see also Lopez v. Garland, 631 F. Supp. 3d at 880 ("As detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing.") (internal citation omitted).

In evaluating this factor, the court also considers whether petitioner contributed towards

---

[4] The Court notes that the factors in the other tests district courts have applied overlap to varying degrees with the due process analysis. See Abdul-Samed, 2025 WL 2099343, at *6-8.

7

the length of his prolonged detention.  See Rodriguez Diaz, 53 F.4th at 1207-08; Arshakyam v. Warden of California City Det., 2026 WL 143143, at *4 (E.D. Cal. Jan. 20, 2026).  After petitioner was detained for expedited removal, he did not express a fear of returning to his home country for 25 days.  But otherwise, there is no evidence that the delay in having the April 15, 2026 hearing before the immigration judge was a result of petitioner's actions.  Absent such evidence, this Court cannot find that the initial 25 day delay in seeking asylum contributed to the lengthy 14.5 months that passed before the April 2026 hearing.  Respondents did not address this delay in their motion.  (See ECF No. 7.)  Based on this record, this Court finds that the record does not demonstrate that any appreciable delay was caused by petitioner, and he has suffered prolonged detention.  See also Lopez, 631 F. Supp. 3d at 882 ("[T]he fact that Petitioner chose to pursue [an application for relief] and requested continuances to further that application does not deprive him of a constitutional right to due process.").  Also, respondents do not contend that petitioner has a criminal history.  (See ECF No. 7.)

Further, "a decision by the [immigration judge] is not the end of petitioner's asylum case since either side may appeal to the BIA and then petition for review by the Ninth Circuit resulting in petitioner remaining in detention."  See Tigranyan, 2026 WL 91765, at *5; see Mohammed, 2026 WL 192368, at *3.  "Thus, there is no clear end date for petitioner's detention on the record before this court."  Tigranyan, 2026 WL 91765, at *5; see Mohammed, 2026 WL 192368, at *3. This Court finds that the circumstances discussed above tip the first Mathews factor in petitioner's favor.  See Tigranyan, 2026 WL 91765, at *5 (first Mathews factor weighed in petitioner's favor where petitioner detained almost 15 months pursuant to § 1225(b)(1)).

> b.    Risk of Erroneous Deprivation

Here, the risk of erroneous deprivation is considerable.  See Mohammed, 2026 WL 192368, at *4; Tigranyan, 2026 WL 91765, at *6; Khaco, 2026 WL 295551 at *6; see also Diouf v. Napolitano, 634 F.3d 1081, 1092 (9th Cir. 2011) ("the risk of an erroneous deprivation of liberty in the absence of a hearing before a neutral decisionmaker is substantial"), abrogated on other grounds by Rodriguez Diaz, 53 F.4th 1189; Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018) (expressing "grave doubts that any statute that allows for arbitrary prolonged detention

8

without any process is constitutional"). "Civil immigration detention is 'nonpunitive in purpose and effect' and, therefore, only justified when a noncitizen is a flight risk or danger to the community." Mohammed, 2026 WL 192368, at *4 (quoting Zadvydas, 533 U.S. at 690). Respondents do not claim that petitioner has a criminal record or poses a flight risk. (See ECF No. 7.) In addition, an asylum officer found that petitioner has a credible fear of returning to Vietnam. (ECF Nos. 7-3, 7-4.) Where petitioner has been detained for seventeen months, has not received a bond hearing where a neutral decisionmaker determined whether petitioner posed a danger to the community or a risk of flight to justify continued detention, his asylum hearing was not heard until April 2026, and it is not clear when detention will end given that his appeal to the BIA is pending, and he may then further appeal to the Ninth Circuit, the probable value of this additional procedural safeguard is high. See Maksim v. Warden, Golden State Annex, et al., 2025 WL 2879328, at *5 (E.D. Cal. Oct. 9, 2025); Mohammed, 2026 WL 192368, at *4; Tigranyan, 2026 WL 91765, at *6; Khaco, 2026 WL 295551, at *6. For these reasons, the second Mathews factor weighs in favor of petitioner.

<i>c.    Government's Interest</i>

Under the third factor, the court weighs the government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail." Mathews, 424 U.S. at 335. The Court recognizes that the government has an interest in enforcing immigration laws, but respondents' interest in detaining petitioner without a bond hearing is "low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); see Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025); Maksim, 2025 WL 2879328, at *5. Detention hearings in immigration courts are routine, and impose a "minimal cost." Doe, 787 F. Supp. 3d at 1094; see Mohammed, 2026 WL 192368, at *4. Petitioner's individual request for a bond hearing also involves a minimal fiscal and administrative burden, and respondents do not argue otherwise. (See ECF No. 7.) "Thus, there is not even the suggestion, much less a basis in the record to find, any fiscal or administrative burden to the government that would result from providing a bond hearing to petitioner." Tigranyan, 2026 WL 91765, at *6. For these reasons, the third Mathews factor weighs in favor of petitioner.

9

3.    Conclusion

The Court concludes that petitioner's detention is prolonged, and he is entitled to a bond hearing before an immigration judge/neutral decisionmaker.  At the bond hearing, respondents should bear the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight to demonstrate that continued detention is warranted. See Mohammed, 2026 WL 192368, at *3-4, 5 (where petitioner detained pursuant to § 1225(b)(1), ordering a bond hearing before an immigration judge); Tigranyan, 2026 WL 91765, at *5-6, 7 (same); Khaco, 2025 WL 295551, at *6 (same); A.E. v. Andrews, 2025 WL 1424382, at *4 (E.D. Cal. May 16, 2025), adopted by 2025 WL 1808676 (E.D. Cal. July 1, 2025) (same); Maksim, 2025 WL 2879328, at *6 (same).

**V.    MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner filed a motion for appointment of counsel.  (ECF No. 3.)  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  Because the Court recommends that the petition be granted, petitioner's motion for appointment of counsel is denied without prejudice.

**VI.    RESPONDENTS' MOTION TO DISMISS**

For the reasons set forth above, respondents' motion to dismiss should be denied.

**VII.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is denied without prejudice.

Further IT IS RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. Respondents' motion to dismiss (ECF No. 7) be DENIED.

3. Respondents be ordered to provide petitioner Van Luan Vu (A-221-390-043), with a bond hearing before an immigration judge/ neutral decisionmaker within **seven (7) days** of the adoption of these findings and recommendations where respondents bear the burden of

10

establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight to justify his continued detention.

4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 5, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/vu3400.157.2241.imm.bond

11